Good morning, Your Honors. May it please the Court, Randy McDonald on behalf of the petitioner Bradley Bieganski. I'd like to reserve three minutes for rebuttal. Counsel, can you keep your voice up just a little bit? Oh, I'm sorry. You could also raise that lectern a little bit. There's a button that might help get the microphone closer to you. I'll try and make this work. That's better. Can you hear me? Okay, great. For about 50 years, in a long line of cases, including In Re, Winship, Mulvaney v. Wilbur, and Patterson v. New York, the Supreme Court has held that a state may not, consistent with the Due Process Clause of the United States Constitution, shift the burden of disproving an essential element of an offense to a defendant, and yet that is exactly what happened here. That decision of the state court is contrary to, and an unreasonable application of, clearly established federal law. I think this court should begin, as the court in Mulvaney did, with the clear history of Arizona's child molestation statute. Since statehood, sexual motivation for touching has been an essential element of that offense. And indeed, up until today, the core conduct that the statute has attempted to prohibit is the sexually motivated touching of a child under the age of 15. The only thing that has changed in the statute between 1913 and now, in the fundamental sense, is that after Holly 2, the decision by the Supreme Court, the Arizona Supreme Court, the burden of proving sexual motivation shifted from the state to the defendant. So, counsel, Supreme Court precedent says that states have wide leeway in setting the elements of a criminal offense. And when you read the statute, sexual intent is not listed in the elements. It's an affirmative defense that's available. Can Arizona not make sexual molestation essentially a strict liability crime? So I think that the error that the district court made in this case was to frame the question, I think, in that way, whether writing on a blank slate, a state may define molestation in a certain way to not include an element of sexual intent. But that's not, I think, what happened here. And that's not, I think, what the Supreme Court precedent says. That question, while it may implicate some sort of broadness or vagueness challenge, is not, I think, what we're focused on here today. What Patterson says, and if I could quote from Patterson, Mulvaney surely held that a state must prove every ingredient of an offense beyond a reasonable doubt and that it may not shift the burden of proof to the defendant by presuming that ingredient upon proof of the other elements. Such shifting of the burden of persuasion with respect to a fact which the state deems so important that it must either be proved or presumed is impermissible under the Due Process Clause. So, Mulvaney, the issue is that the state, the statute presumed malice aforethought for the murder statute, right? So, if sexual intent is just simply not an element of sexual molestation, why do we conclude that the state's now presuming sexual intent? So, looking strictly at the statutory language, I agree that the word affirmative defense is used to describe the lack of sexual motivation. But if you look, as the Court in Mulvaney did, to the clear how the statute was being interpreted by the courts of the state, how Arizona courts have defined molestation is that it has always required an element of sexual motivation. So, even when — So, do Patterson and Mulvaney — I don't recall those cases doing any sort of deep dive into a historical analysis of the statutes. So Mulvaney does discuss sort of the beginning point as being the history and tradition of the statute, at least as far as the question of what is the statute? What is — what are the elements of the offense? Patterson, I think, I agree with you, does not necessarily delve very deeply into the history. And Patterson can — I think can be fairly read as limiting Mulvaney. I think that's true, in that Mulvaney sort of established a broad statement of the statute. But I think even Patterson acknowledges that there are extents to which a state may not go when redefining elements as affirmative defenses, which is what the state of Arizona did here. And I think it's worth noting that even after the Arizona legislature redefined sexual motivation or lack thereof as a affirmative defense, Arizona courts continued to say, well, it's permissible for us to say, yes, this is an affirmative defense, because at the time, Arizona law required the state to disprove an affirmative defense once a small amount of evidence has been presented by the defense. It wasn't until the 1997 statutory changes that shifted the burden to the defendant to disprove a affirmative defense that this really got into play. And I think that change, at least as far as the sexual — the molestation statute was unintentional. You still see courts sort of presuming that sexual motivation is an element. There is — there is a split between some — But just to make sure I understand, until the 1997 changes, if the defendant came forward and said, I wasn't motivated by sexual intent here, then the state did have to come back and prove sexual intent by preponderance of the evidence or clear and convincing or beyond a reasonable doubt. So I believe the standard is beyond a reasonable doubt. So it was still, in effect, an element of the crime. And even after the shift of the burden for the affirmative defenses, the core conduct that the state was trying to prohibit did not change. The state had previously said, we want to prohibit sexual conduct, and we're defining that as conduct that includes sexual motivation. And that is still how they're defining that conduct that they're trying to prohibit. The only difference is, after the change in statute, the burden of disproving sexual intent was on the defendant. So this is not a question of whether, writ large, any state could define a statutory scheme in a certain way. It's having said, here is the important element that we are trying to prohibit, and that is sexual conduct. Conduct with a sexual motivation. Arizona has always defined the molestation statute around prohibiting that conduct. It's just a question of who has the burden of proving or disproving that that element is present. Do you want to reserve? I do want to reserve some time, but if there are any further questions. Thank you. Thank you. Good morning. May it please the Court. Mariette Ambrey for Respondents. What I was going to do is respond to counsel's argument, unless the Court would like me to start elsewhere. Well, first of all, I think it's important to distinguish between the two concepts that are kind of getting melded together. And one of those is burden shifting, which the U.S. Supreme Court has made clear violates due process. And that is shifting the element of an offense to the defendant to disprove. And Arizona here has, the Arizona Supreme Court, as a matter of state law, which is not reviewable by this Court, stated that sexual, the statute of sexual, the crime of sexual molestation does not include the sexual motivation component. Counsel, I've got some, I've got a couple of questions for you.  So just, so this statute prohibits any touching. The words fondling and manipulating do no work in this statute, if I read Holley 2 correctly. Touching seems to subsume everything. Right. Both the majority and the dissent in Holley 2 use the example of diapering, and apparently without, without protest. So am I to understand that every parent who changes a diaper in Arizona is guilty of molestation? Well... That seems to be pretty clear from Holley 2, doesn't it? Aren't you, are you going to defend Holley 2? That's true. Or is the AG going to walk away from Holley 2? No, no, no. But it's, I was just going to say that there's, there's a prima facie case, you know, of, of molestation, and then there's the affirmative defense that goes along with it. So they're sort of hand in hand. Well, they can't be hand in hand. The affirmative defense can be waived. They can be negligently ignored. Somebody may forget to look in the statute to see if it's there. So the question is, is diapering a child molestation under Arizona law? Well, yes. Okay. So every, every parent who changes a diaper has committed the crime of child molestation. Is that correct? Well... Isn't that what the... Yeah, but I, I would just point out, though, there are comparatively broad statutes, as, as Holley pointed out, you know, the assault statute, which criminalizes, you know, physical injury, which, you know, would happen, you know, doctors would... Sure. But we have, we have some other things, we have a couple of other things that we need to consider. First of all, there's also a mandatory reporting requirement. Right. So the wife of somebody who's changing a diaper would be a mandatory reporter and would also be guilty of, of furthering this if she did not report that her husband had changed a diaper. Is that correct? I guess I, I, I, I guess I don't know about mandatory reporting, but... But you do, but you also have statutes that, that punish criminal neglect of a person under Arizona law. So if you fail to change the diaper, then you can be reported to CPS and prosecuted in that way. Is that correct? I think, yeah, well... So no matter what you do with the diaper, Arizona has got you coming and going. You are guilty no matter whether you change the diaper or whether you don't change the diaper. And now it's your burden to prove that you're innocent. Well, Your Honor, I, I, such prosecutions would, wouldn't, would not occur. And the Supreme Court has said that we are not to rely on what the, the Supreme Court referred to as the noblesse oblige of the prosecutor. But Your Honor, though, I think what is critical here is that this review is under AEDPA. And so what this court has defined is that the Arizona Supreme Court's decision was an unreasonable, was an unreasonable application of U.S. Supreme Court law or contrary to. And that, and there, and the Supreme Court has said that state legislatures have broad authority to define their crimes and to codify injustice. Right. But you've just criminalized everybody in Arizona. Everything, any time a parent changes a diaper in Arizona, this is conceded by the Supreme Court. Every parent who changes a diaper is guilty of child molestation. And if prosecuted and convicted, they would have, they would be sexual, they would be sexual predators and would have to, and would have to report. Well, Hawley has also noted that, that there is the as-applied, there's, you know, theoretical in Hawley, but the, the as-applied. In which, in which we would now have to come back on the as-applied, as I recall in Hawley 2, citing Santorski and other cases, you would have to come back and show that parents had a constitutional right to change a diaper. Because it was talking about the constitutional rights of parents. Those are very, very broad rights. That's substantive due process. Right. But Your Honor, there, the Supreme Court. Is Arizona willing to concede that parents have the right to change a diaper? I would presume, yes. Yes, but what I, I just would say is that there, the Supreme Court has not yet set limitations on what, what, when a statute encompasses too much innocent conduct. But can you think of any other case in which everyone in Arizona who touches, who changes a diaper, is guilty of child molestation unless they come forward and prove that they were not sexually motivated? That's breathtaking. Well, as I mentioned, it's under. And Arizona's position is, you haven't shifted any burdens here. Every parent in Arizona is guilty, but you haven't shifted any burdens. Well, as far as burden shifting, as I mentioned, that is when an element of the crime is disproved by the affirmative defense. And the Arizona Supreme Court, as a matter of state law, said that sexual motivation is not an element of the crime. So that is burden shifting. What we're, what the issue before this Court is whether Arizona needs to require in its statute that a sexual motivation is shown. And Patterson has said that there is, said there are limits to when a state can take an element and make it into an affirmative defense. But it's very broad. It has, it's pitched at a very high general level. This case is a little bit more than just doing that, right, factually? Wasn't Beglanski tried once when this was an element of the offense? Right. And hung jury? No. No, actually, that was because one of the minor witnesses testified to three instances of molestation rather than one. That's why there was a mistrial in that case. And he was acquitted on some charges here? He was, yes, which showed that the jury paid very close attention to the facts. Does Arizona instruct juries routinely on jury nullification? Not that I know of. Okay. So a prosecutor could charge broadly parents in Arizona who are changing diapers, and juries might refuse to convict or a grand jury might refuse to indict. But that would be an instance of jury nullification, which a grand jury would be entitled to do, but which Arizona does not instruct for. Right. And it's just a strange credulity that parents would be prosecuted under that law. Why is it incredulous? That's the plain reading of the statute. And that's what the Arizona Supreme Court said. It was plain text. Well, because when the prosecutor goes before the grand jury, it would present the law, which is that there are, you know, this is the statute and, you know, it's an affirmative defense, that there was no sexual motivation here. So it would, the prosecutor would have to present both sides to the grand jury. Would a mandatory reporter, so let's suppose that we had, that we had two people who were in charge of the daycare and were, had to routinely change the diapers on infants. Changing the diaper, again, would make one chargeable for child molestation under the statute. The other one is a mandatory reporter. Is the mandatory reporter excused under Arizona law if she believes that there is an affirmative defense? I don't know that. It seems a little preposterous, doesn't it? Right. Right. But again, this all comes back to AEDPA, Your Honors. I mean, there has to be U.S. Supreme Court law that says that Arizona cannot structure its statute that way. And there's just general language that Arizona cannot, or, I'm sorry, not Arizona, but the states, state legislatures. There's some limit to that, but it hasn't been defined by the U.S. Supreme Court. And so that's where the case law stands today. And so AEDPA governs here, of course. In any event, the statute's been changed, right? Yes, it has been changed. Yes. Okay. So, and then as far as the, I just wanted to go through, as far as the historical analysis in Mulaney, I think Your Honors noted that Mulaney has been very much limited by Patterson. And Mulaney itself didn't seem to rely on the historical analysis anyhow, because in that, that was an instance of true burden shifting where an element was negated by an affirmative defense, which is unconstitutional, unlike what happened here, which is just the imposition of a, of a, of a, an affirmative defense on a defendant that does not negate an element. If Your Honors have any more questions? I don't think so. Thank you.  I think I'd like to first answer a question, Judge Hawkins, that you asked about the first and the second trial, and I think you hit the nail on the head. In the first trial, it was very clear that the trial court believed that the State had the burden of proving sexual motivation. In between the first and second trial, Holly 2 happened, and by the second trial, it was very clear that the trial court believed it was bound by Holly 2, although it was extremely uncomfortable with that. You know, if you look at the trial court's statements during that second trial, it says things like, you know, the State may as well, may be happy to just have the because it viewed this as a constitutional issue that could come up, as it has here. But I think the fact that in the first trial, the burden belonged to the State, and in the second trial, the burden belonged to the defendant, I cannot imagine a starker example of burden shifting exactly as is described in Patterson and in Mulvaney. Counsel, did you, did you, did you seek cert? I, so I was not involved in the case at that time, but I do believe that, are you asking in this case or in this Holly? Yeah, in this case. No, in this case. In this case, I don't know the answer to that. I don't think so in this case, but I could be mistaken about that. So, but I do know that the Holly defendants did seek cert from the United States Supreme Court, and that was not granted, which is sort of why we're here. And I think I want to address the State's conclusion that the question here is whether the State can define sexual molestation to include or not include an element of sexual intent. And again, that's not the question that we're here answering. The question that we're here answering is, having defined molestation for 100 years to include as an element that sexual intent was present, can the State then say, yes, sexual intent is still a part of this, and we only want to prohibit touching that includes a sexual element, except we're going to shift the burden to the defendant. And that is exactly what has happened here. That is exactly what the Supreme Court has said is not permissible in Patterson. I want to say that I think Judge Wake does an excellent job of analyzing this in the May v. Ryan decision, which was reversed by this Court for procedural reasons, not based on the merits. And if there are no further questions, I see my time is up. Thank you. Counsel, thank you both for your arguments this morning.
judges: HAWKINS, BYBEE, BADE